IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHWESTERN DIVISION

| | |
|---|---|
| LORNA FLINN, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>MICHAEL J. ASTRUE, )<br>Commissioner of Social Security, )<br>)<br>Defendant. ) | Civil Action<br>No.11-5079-CV-SW-JCE-SSA |

**O R D E R**

Plaintiff is appealing the final decision of the Secretary denying her application for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401 et seq. and supplemental security income benefits under Title XVI of the Act, 42 U.S.C. § § 1381 et seq. Pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3), this Court may review the final decisions of the Secretary. For the following reasons, the Secretary's decision will be affirmed.

Standard of Review

Judicial review of a disability determination is limited to whether there is substantial evidence in the record as a whole to support the Secretary's decision. 42 U.S.C. § 405(g); e.g., Rappoport v. Sullivan, 942 F.2d 1320, 1322 (8th Cir. 1991). Substantial evidence is "'such evidence as a reasonable mind might accept as adequate to support a conclusion.'" Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. V. NLRB, 305 U.S. 197, 229 (1938)). Thus, if it is possible to draw two inconsistent positions from the evidence and one

position represents the Agency's findings, the Court must affirm the decision if it is supported on the record as a whole. Robinson v. Sullivan, 956 F.2d 836, 838 (8th Cir. 1992).

In hearings arising out of an application for benefits, the claimant has the initial burden of establishing the existence of a disability as defined by 42 U.S.C. §§ 423(d)(1) and 1382c(a)(3)(A). Wiseman v. Sullivan, 905 F.2d 1153, 1156 (8th Cir. 1990). In order to meet this burden, the claimant must show a medically determinable physical or mental impairment that will last for at least twelve months, an inability to engage in substantial gainful activity, and that this inability results from the impairment. Id. Once a claimant demonstrates that the impairment is so severe as to preclude the performance of past relevant work, the burden shifts to the Secretary to prove some alternative form of substantial gainful employment that claimant could perform.

The standard by which the ALJ must examine the plaintiff's subjective complaints of pain is well settled. The ALJ must give full consideration to all of the evidence presented relating to subjective complaints, including the claimant's prior work record, and observations by third parties and treating and examining physicians relating to such matters as the claimant's daily activities, the duration and frequency of pain, precipitating and aggravating factors, dosage and effects of medication, and functional restrictions. Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir. 1984). When rejecting a claimant's subjective complaints, the ALJ must make an express credibility determination detailing the reasons for discrediting that testimony, and discussing the factors set forth in Polaski.

2

The ALJ must give full consideration to all of the relevant evidence on the <u>Polaski</u> factors and may not discredit subjective complaints unless they are inconsistent with the evidence in the record as a whole. <u>Haynes v. Shalala</u>, 26 F.3d 812, 814 (8th Cir. 1994).

## Discussion

Plaintiff was born on September 13, 1956, has a high school education and two years of college. Her past relevant employment includes as a front desk clerk, server and recreational aid. She alleges disability primarily as a result of COPD, degenerative disc disease and depression.

It was the finding of the ALJ that:

1. The claimant meets the insured status requirements of the Social Security Act through the date of this decision.

2. The claimant has not engaged in substantial gainful activity since June 2, 2007, the alleged onset date (20 CFR 404.1571 *et seq.,* and 416.971 *et seq.*)

3. The claimant has the following severe impairment: chronic obstructive pulmonary disease (COPD) (also diagnosed as emphysema and chronic bronchitis) (20 CFR 404.1520( c) and 416.920( c)).

4. The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).

5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform the full range of sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a).

6. The claimant is unable to perform any past relevant work (20 CFR 404.1565 and 416.965).

7. The claimant was born on September 13, 1956 and was 50 years old, which is defined as an individual closely approaching advanced age, on the alleged disability onset date (20 CFR 404.1563 and 416.963).

8. The claimant has at least a high school education and is able to communicate in

English (20 CFR 404.1564 and 416.964).

9. The claimant has acquired work skills from past relevant work (20 CFR 404.1568 and 416.968).

10. Considering the claimant's age, education, work experience, and residual functional capacity, the claimant has acquired work skills from past relevant work that are transferable to other occupations with jobs existing in significant numbers in the national economy that claimant can perform (20 CFR 404.1569, 404.1569(a), 404.1568(d), 416.969, 416.969 (a) and 416.968(d)).

11. The claimant has not been under a disability, as defined in the Social Security Act, from June 2, 2007 through the date of this decision (20 CFR 404.1520(g) and 416.920 (g)).

Plaintiff asserts that the ALJ erred by failing to include the degenerative disc disease and depression as severe impairments; by not considering the record as a whole in formulating the Residual Functional Capacity (RFC), and by determining that the plaintiff has transferable skills.

The ALJ properly determined that the objective medical evidence establishes isolated incidents of back impairments, however, there is no objective evidence to establish the degree of impairment alleged. The same is true with regard to her depression. The record does not reflect restrictions of her daily activities; her social functioning; her concentration; her persistence or pace, and no evidence of an extended period of decompensation. While the plaintiff argues that the record should be developed by the ALJ by employing consultative examiners, that duty would arise only if the medical evidence of record is not sufficient to allow the formation of an opinion. In every instance in which a limitation is not established, the ALJ is not required to seek additional information.

The ALJ also properly evaluated plaintiff's credibility. The factors enunciated in Polaski v. Heckler, supra, were adequately discussed. The plaintiff's work history was also considered. The conclusion that her work history indicates the COPD was not as severe, as
4

Case 3:11-cv-05079-JCE   Document 11   Filed 07/27/12   Page 4 of 5

alleged, is not in error.

Because the ALJ's findings with regard to severe and non-severe impairments and credibility are supported by the record, plaintiff's allegations that his findings with regard to the RFC and transferable skills are in error is without merit.

Based on the record before it, the Court finds that the ALJ's decision is supported by substantial evidence in the record, <u>Clark v. Sullivan,</u> 768 F. Supp. 278, 280 (W.D. MO 1991), and that plaintiff has failed to meet her burden of proving that she has an impairment that precludes her from engaging in substantial gainful activity. The ALJ's findings that plaintiff was not disabled and could perform past relevant work are supported in the record as a whole. Accordingly, the decision of the Secretary should be affirmed.

It is hereby

ORDERED that the decision of the Secretary be, and it is hereby, affirmed.

      /s/ James C. England
JAMES C. ENGLAND
United States Magistrate Judge

Date: July 27, 2012